IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRANCISCO S., individually and as guardian of M.S. a minor,<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY and WORLD BANK GROUP MEDICAL INSURANCE PLAN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF NO. 14)**<br><br>Case No. 2:18-cv-00010-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Aetna Life Insurance Company ("Aetna") and the World Bank Group Medical Insurance Plan (collectively "the Aetna Defendants") move the Court[1] to dismiss Plaintiff Francisco S.'s Complaint "with prejudice and on the merits." (Defs.' Mot. to Dismiss ("Mot.") 1, ECF No. 14.) The Aetna Defendants argue this Court should dismiss Mr. S.'s claims with prejudice because the International Organizations Immunities Act, 22 U.S.C. § 288 et seq, (the "Immunities Act"), shields the World Bank from suit. (Id. at 4–6.) The Aetna Defendants further assert this Court lacks subject matter jurisdiction over Mr. S.'s ERISA claim because the World Bank Group Medical Insurance Plan (the "Plan") qualifies as a governmental plan exempt from coverage under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Id. at 6–7.) Lastly, the Aetna Defendants contend this Court should dismiss Mr. S.'s claims against Aetna because Aetna does

---

[1] The parties consented to proceed before the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF No. 12.)

1

not insure the benefits under the Plan and therefore lacks privity of contract with Mr. S. (Id. at 7–8.) Having considered the parties' briefing and oral argument, the Court GRANTS IN PART and DENIES IN PART the Aetna Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

## FACTUAL AND PROCEDURAL HISTORY

On January 3, 2018, Mr. S. filed the Complaint alleging the Aetna Defendants violated 29 U.S.C. § 1132(a)(1)(B) when they failed to pay for his daughter's medically necessary treatment. (Compl. ¶¶ 54–60, ECF No. 2.) Taking the factual allegations in the Complaint as true, Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)), the following facts provide the background for this decision.

Mr. S. participates in the Plan; his daughter M. is a beneficiary. (Compl. ¶ 6, ECF No. 2.) Aetna "is the third-party claims administrator for the Plan" who "denied claims for coverage in connection with mental health care provided to M." (Id. at ¶ 8.)

M. received mental health treatment from Outback Therapeutic Expeditions ("Outback") and New Haven Residential Treatment Center ("New Haven"). (Id. at ¶ 7.) Aetna denied coverage for M.'s treatment at Outback as not medically necessary because M. "was 'not actively suicidal, violent, manic, psychotic, severely depressed, or otherwise in crisis.'" (Id. at ¶¶ 24–25.) Mr. S. alleges Aetna violated ERISA "when it denied his appeal" because it "did not give him specific information or cite to the medical records Aetna used to justify the denial of M.'s treatment." (Id. at ¶ 27.) Aetna continued to uphold its denial of M.'s treatment at Outback on the same basis throughout the internal appeal process. (Id. at ¶ 32.)

Aetna also denied coverage for M.'s subsequent treatment at New Haven because M. did not have "a realistic plan and intent to commit suicide", and thus she could receive treatment "at a less intensive level of care or in another setting." (Id. at ¶ 34.) Mr. S. alleges Aetna violated ERISA's claims processing regulations when it "neglected to provide him with specific references to the medical records that they had used to determine that M.'s care was not medically necessary." (Id. at ¶ 41.) Additionally, Aetna failed "to provide the names and qualifications of the reviewers involved in the decision to deny care." (Id.) Aetna upheld its denial of M.'s treatment at New Haven on the same basis as its original denial throughout the internal appeal process (id. at ¶ 51), and Mr. S. filed suit alleging Aetna breached its fiduciary duties "when it failed to comply with its obligations under 29 U.S.C. § 1104 and 29 U.S.C. § 1133 to act solely in the interest of the Plan participants and beneficiaries for the exclusive purpose of providing benefits to them and to provide a full and fair review of [his] claims" and 29 U.S.C. § 1104(a)(1)(D) "when it failed to discharge it duties 'in accordance with the documents and instruments governing the Plan.'" (Id. at ¶¶ 56–57.)

On March 26, 2018, the Aetna Defendants filed their Motion to Dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot., ECF No. 14.) On April 23, 2018, Mr. S. filed his Memorandum in Opposition to the Aetna Defendants' Motion. (Pls.' Mem. in Opp'n to Defs.' Mot. to Dismiss ("Opp'n"), ECF No. 16.) On May 5, 2018, the parties filed a stipulated motion seeking leave for Mr. S. to submit a supplemental memorandum on the sole issue of the World Bank's immunity from suit

and also extending the time for the Aetna Defendants to file their Reply memorandum in support of their Motion to Dismiss. (Stip. Mot. for Pls.' to Submit a Supp. Mem. & to Extend the Deadline for Defs.' Reply Mem. ("Stip. Mot.") 1–2, ECF No. 21.) The Court granted the parties' stipulated motion on May 10, 2018 (Order Granting Stip. Mot. for Pls. to Submit a Supp. Mem. & to Extend the Deadline for Defs.' Reply Mem., ECF No. 23), and Mr. S. filed his supplemental memorandum on May 11, 2018. (Pl.'s Supp. Mem., ECF No. 24.) On May 24, 2018, the Aetna Defendants filed their Reply. (Reply Mem. in Supp. of Defs.' Mot. to Dismiss ("Reply"), ECF No. 25.)

On October 11, 2018, the Court held a hearing on the Motion where the Court heard argument and ordered the parties to submit supplemental briefing on the limited issue that, in the event the Court dismisses Mr. S.'s Complaint, whether the Court should dismiss his Complaint with or without prejudice. (See Minute Entry, ECF No. 27.) During the hearing, the parties submitted a copy of the Summary Plan Description. (Medical Insurance Plan: Summary Plan Description ("Summary Plan Description"), ECF No. 28.) On November 26, 2018, the Aetna Defendants filed their supplemental brief. (Defs.' Supp. Briefing re: Mot. to Dismiss ("Defs.' Supp. Brief"), ECF No. 33.) On November 30, 2018, Mr. S.'s filed his brief (Pl.'s Supp. Briefing Re: Mot. to Dismiss ("Pl.'s Supp. Brief"), ECF No. 34.)

## **LEGAL STANDARD**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. "Subject-matter jurisdiction involves a court's authority to hear a given type of case." Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1224 (10th Cir. 2004). Federal district courts "have limited subject matter

jurisdiction and may only hear cases 'when empowered to do so by the Constitution and by act of Congress.'" Id. at 1225 (quoting 16 James Wm. Moore, Moore's Fed. Practice § 108.04(2) (3d ed. 2003)). The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction. Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991) ("Since federal courts are courts of limited jurisdiction, there is a presumption against [] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.") (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)).

A party can challenge subject matter jurisdiction either facially or factually. See Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004). A "facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." Id. (citing Ohio Nat'l, 922 F.2d at 325.) A factual attack goes "beyond allegations contained in the complaint and challenge[s] the facts upon which subject matter jurisdiction depends." Holt, 46 F.3d at 1003. "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations." Id. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). … In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." Id. (internal citations omitted) (citing Wheeler v. Hurdman, 825 F.2d 257, 259 n. 5 (10th Cir. 1987)).

**DISCUSSION**

**I.      The Court Lacks Jurisdiction over Mr. S.'s ERISA Claim**

Because federal courts have limited jurisdiction, the Court must independently determine whether it has subject matter jurisdiction before ruling on the merits of the case. Penteco, 929 F.2d at 1521; Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). The Aetna Defendants argue this Court lacks subject matter jurisdiction over Mr. S.'s ERISA claim because the Plan "is a 'governmental plan' exempt from ERISA under 29 U.S.C. § 1003(b)(1)." (Mot. 6, ECF No. 14.) The Aetna Defendants specifically argue this Court lacks jurisdiction over Mr. S.'s ERISA claim because the World Bank sponsors the Plan, and as an international organization exempt from taxation under the Immunities Act, ERISA exempts their Plan from its coverage. (Id. at 6–7.) The Aetna Defendants, therefore, facially attack Mr. S.'s Complaint, and the Court accepts the allegations in his Complaint as true. Holt, 46 F.3d at 1002 (citing Ohio Nat'l, 922 F.2d at 325).

At the hearing, Mr. S. conceded that the Plan constituted a governmental plan exempt under ERISA. The Court concludes it lacks subject matter jurisdiction over Mr. S.'s ERISA claim because the Plan qualifies as a government plan exempt from ERISA's coverage.

ERISA exempts from coverage employee benefit plans from certain types of employers, including governments. 29 U.S.C. § 1003(b)(1). ERISA defines a government plan as:

> a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing. The term "governmental plan" also includes … any plan of an international

6

> organization which is exempt from taxation under the provisions of the International Organizations Immunities Act.

29 U.S.C. § 1002(32).  The United States recognizes the World Bank, also known as the International Bank for Reconstruction and Development, as an international organization entitled to the protections and privileges under the Immunities Act.  See Defs.' Supp. Brief 2, ECF No. 33; Exec. Order No. 9751, 11 Fed. Reg. 7713 (July 11, 1946) (modified on other grounds by Exec. Order No. 10083, 14 Fed. Reg. 6161 (Oct. 10, 1949)).  The Immunities Act exempts the World Bank, as an international organization, and its employees and officers from taxation.  See 22 U.S.C. §§ 288b-288c.  Accordingly, the Plan qualifies as a governmental plan exempt from ERISA's coverage, and the Court lacks federal question jurisdiction over Mr. S.'s claim.  See Lown v. Continental Cas. Co., 238 F.3d 543, 547 (4th Cir. 2001) (noting a court will lack federal question jurisdiction over an ERISA claim where ERISA exempts the plan from its coverage.)  Therefore, the Court GRANTS the Aetna Defendants' Motion to Dismiss Mr. S.'s ERISA claim.

However, the Court DENIES the request for dismissal with prejudice because any dismissal for lack of subject matter jurisdiction is necessarily without prejudice because the court lacks the authority to do anything else.  Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006) ("dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.") (emphasis in original) (citing Frederiksen v. City of Lockport, 384 F.3d 437, 438 (7th Cir. 2004)).

7

Because the Court finds ERISA exempts the Plan from its coverage, the Court does not address whether Aetna constitutes a proper defendant.

**II.     Leave to Amend**

At the hearing, Mr. S.'s counsel sought leave to amend should the Court find it lacks jurisdiction.  Mr. S.'s counsel asserted that this Court has diversity jurisdiction over the state insurance claim, which he could amend the Complaint to state.  Having concluded that the Court does lack jurisdiction over Mr. S.'s ERISA claim, the Court declines to address whether the Immunities Act grants the World Bank immunity from suit because the parties have not established this Court's jurisdiction.

At this time, the facts alleged by Mr. S. in the instant Complaint do not clearly demonstrate complete diversity among the parties.  Mr. S.'s allegation that he resides in Maryland (Compl. ¶ 1, ECF No. 2) does not suffice to establish his citizenship for diversity purposes.  "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1238 (10th Cir. 2015) (citing Whitelock v. Leatherman, 460 F.2d 507, 514 n. 14 (10th Cir. 1972)).  Additionally, at the hearing, counsel for Mr. S. stated he did not know whether Mr. S.'s daughter, M., is still a minor, and he would want a chance to provide that information to establish diversity.  Accordingly, the Court gives Mr. S. fourteen (14) days to amend his Complaint to demonstrate diversity jurisdiction and state a non-ERISA claim.  If Mr. S fails to do so, the Court will close the case.

## **CONCLUSION**

For the reasons discussed above, the Court GRANTS IN PART and DENIES IN PART the Aetna Defendants' Motion to Dismiss. The Court further GRANTS Mr. S fourteen days to amend his Complaint.

DATED this 25th day of March, 2019.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge